**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FIRST HOME BANK,

        Plaintiff,

v.                                                    Case No. 3:20-cv-150-J-34MCR

NET ZERO LLC, and TRACY
FLORENCE GOEN,

        Defendants.
_____/

**ORDER**

      **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").[1] "In a given case, a federal district court must

---

[1] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-17 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1225-27 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity

have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On February 14, 2020, Plaintiff First Home Bank filed the Verified Complaint (Doc. 1; Complaint), and purported to set forth facts establishing that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). See Complaint ¶ 1. In support of this assertion, Plaintiff declares that it "is a Florida corporation with its principal place of business located" in Pinellas County, Florida. Id. ¶ 2. With respect to the entity-defendant, Plaintiff asserts that Net Zero, LLC "is a Montana limited liability company with a principal place of business located" in Georgia. Id. ¶ 3. As to the individual-defendant, Plaintiff alleges that Tracy Florence Goen "is an individual residing" in Georgia. Id. ¶ 4. These allegations do not adequately identify the citizenship of either Defendant, and thus, the Court is without sufficient information to satisfy its jurisdictional inquiry.[2]

---

jurisdiction litigants.  In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction.  We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[2] The failure to adequately allege diversity jurisdiction in this case is certainly not unique.  See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar.").  But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id.  Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4.  As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by her "domicile," or "the place of h[er] true, fixed, and permanent home and principal establishment . . . to which [s]he has the intention of returning whenever [s]he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). Because the Complaint identifies only Goen's residence rather than her domicile or state of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's diversity jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367; see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed.2d 29 (1989) ("'Domicile is not necessarily synonymous with 'residence[.]'") (citation omitted).

Additionally, for the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members is determinative of the existence of diversity of citizenship." Id.; see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010) ("General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations are all treated as citizens of every state of which

any partner or member is a citizen.") (internal quotation omitted).  Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).  In contrast, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  Hertz Corp. v. Friend, 559 U.S. 77, 80, 130 S. Ct. 1181, 1185, 175 L.Ed.2d 1029 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).  Thus, to sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of each of the members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business.  See Rolling Greens, 374 F.3d at 1021–22; 28 U.S.C. § 1332(c)(1).  In light of the foregoing, the Court finds that Plaintiff has failed to sufficiently allege the citizenship of Defendant Net Zero, LLC because Plaintiff does not identify the members of this limited lability company and their respective states of citizenship.  Id. ¶¶ 2, 5.[3]  As such, the Court lacks sufficient information to satisfy its jurisdictional inquiry.

Finally, upon review of the Complaint, the Court questions whether this matter is appropriately filed in the Jacksonville Division of the United States District Court for the Middle District of Florida.  Pursuant to Local Rule 1.01(c), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), "[a]ll civil proceedings of any kind

---

[3] Although the exhibits to the Complaint identify Goen as the "Managing Member" of Net Zero, LLC, see Complaint, Ex. A at 4, Ex. C at 1, to establish diversity jurisdiction, the Court needs information regarding the citizenship of all the members of a limited liability company, not just the managing members. See Rolling Greens MHP, L.P., 374 F.3d at 1022; Underwriters at Lloyd's London, 613 F.3d at 1092 (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity).  In addition, each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." Additionally, Local Rule 1.02(e) provides that "[t]he Court may, within its discretion, . . . order that any case, civil or criminal, be transferred from one Division to any other Division for trial[.]"

This action involves Net Zero, LLC's obligation on a promissory note held by First Home Bank, that "was and is to be performed in the state of Florida," as well as Goen's personal guaranty of that note. Id. ¶¶ 7-9. Both the note and the guaranty are governed by the laws of Georgia, and provide that Florida, although not any specific place in Florida, is "the exclusive forum, venue and place of jurisdiction." See id., Ex. A: Promissory Note ¶ 19; Ex. B: Guaranty ¶ 15. According to the Complaint, Defendants are principally located in Georgia, and Plaintiff is principally located in Pinellas County, Florida.[4] Thus, the Complaint does not set forth any relation to a location encompassed by the Jacksonville Division. Indeed, the only apparent connection to the Jacksonville Division is the address of Plaintiff's attorney. Id. at 6.

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and satisfaction of the amount in controversy.[5] To the extent Plaintiff is able to establish diversity jurisdiction, Plaintiff must also show cause why this action should not be transferred to the Tampa Division of this Court. Accordingly, it is

---

[4] Pinellas County is encompassed by the Tampa Division of this Court. See Local Rule 1.02(b)(4), United States District Court, Middle District of Florida.

[5] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 ("noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

**ORDERED**:

1. Plaintiff First Home Bank shall have until **March 3, 2020**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

2. Plaintiff is further directed to **SHOW CAUSE** by a written response filed on or before **March 3, 2020**, why this case should remain pending in the Jacksonville Division and not be transferred to the Tampa Division pursuant to Local Rule 1.02(e).

**DONE AND ORDERED** in Jacksonville, Florida on February 18, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record